**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

DOMINGO LOPEZ,

      Plaintiff,

vs.

GIANELA'S CORP., a Florida profit corporation
D/B/A EL TAMBO GRILL, and RODOLFO
ORE, individually, and CARLA ORE, individually,

      Defendants.
_____/

## COMPLAINT

Plaintiff DOMINGO LOPEZ, (hereinafter "Plaintiff") by and through his undersigned

attorney hereby sues Defendants, GIANELA'S CORP, D/B/A EL TAMBO GRILL a Florida profit

corporation (hereinafter, "EL TAMBO GRILL"), RODOLFO ORE, individually, and CARLA

ORE, individually, collectively ("Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages, unpaid overtime wages, and

   unlawful termination committed by Defendants pursuant to the Fair Labor Standards Act, 29

   U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331,

   and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because

   Plaintiff was employed in the Southern District of Florida by Defendants, and therefore the

   acts that give rise to Plaintiff's claims occurred within the Southern District of Florida;

1

pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction here as at all material times conducted and continue to conduct business in the Southern District of Florida.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## **PARTIES**

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a busboy. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant EL TAMBO GRILL is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida.  Defendant EL TAMBO GRILL had, at all times material hereto, conducted substantial and continuous business within Miami-Dade County, and is subject to the laws of the United States and the State of Florida.

8. Defendant EL TAMBO GRILL is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, Defendant EL TAMBO GRILL is a restaurant where they use goods transported across interstate lines. Plaintiff regularly cooked on the line as well as assisted with the cleaning of the restaurant and customer service.

10. At all times material to this Complaint, EL TAMBO GRILL, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions with customers and the staff utilizing telephones, computers, cleaning supplies, and food.

12. Defendant EL TAMBO GRILL upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant RODOLFO ORE is a corporate officer of and/or owner, and exercised operational control over the activities of, corporate Defendant, EL TAMBO GRILL.

14. Defendant CARLA ORE is a manager, and exercised operational control over the activities of, corporate Defendant, EL TAMBO GRILL.

15. Defendant RODOLFO ORE acted directly in the interest of his company, EL TAMBO GRILL. Upon all available information, RODOLFO ORE controlled the manner in which Plaintiff performed his work and the pay he was to receive.

16. Defendant CARLA ORE acted directly in the interest of her company, EL TAMBO GRILL. Upon all available information, CARLA ORE controlled the manner in which Plaintiff performed his work.

17. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

18. All other conditions precedent to this action have been performed or have been waived.

## **GENERAL ALLEGATIONS**

19. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

20. Specifically, Plaintiff performed work for Defendants as a non-exempt full-time busboy from on or about 2007 until on or about November 24, 2020.

21. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

22. Based on the information currently available to Plaintiff, at the beginning of his employment, Plaintiff was paid an average rate of $8.75 per hour. Then, on or about January 2020, Plaintiff's hourly rate was $9.50 per hour. He was paid every week.

23. Plaintiff regularly worked 66-72 hours per week. He was normally scheduled 6 days per week.

24. Despite the fact that Plaintiff worked over 40 hours in a workweek, he was not paid overtime by Defendants. Specifically, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times his regular rate for all hours worked in excess of forty (40) hours.

25. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

26. Defendants and their representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

27. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

28. Furthermore, Plaintiff was not compensated at all for many hours worked for Defendants. Specifically, Defendants failed to compensate Plaintiff at all for the hours worked in his last two (2) weeks of employment.

29. In addition, during Plaintiff's employment, Plaintiff noticed that on occasion his pay was short.

30. As a result, there were times when Plaintiff was paid at a rate below the minimum applicable hourly wage rate as set forth under state and federal law.

31. On several occasions, Plaintiff complained to Defendants about the improper pay he was receiving. Specifically, Plaintiff complained to CARLA ORE and RODOLFO ORE, about missing pay and not being paid for the overtime. In response CARLA ORE told Plaintiff that if he did not like his pay, he could leave.

32. On or around November 22, 2020, shortly after Plaintiff's last complaint, Plaintiff was terminated by RODOLFO ORE.

33. Plaintiff suffered adverse employment consequences as a result of his exercise of rights protected under the FLSA in that he claimed his right to payment of overtime wages.

34. Any other reason for Plaintiff's termination is merely pretext for Defendants' unlawful termination of Plaintiff.

35. The temporal proximity of Plaintiff's complaints regarding the improper pay and the adverse employment actions taken against him including but not limited to his termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise his rights under the law.

36. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

37. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/UNPAID WAGES
### against EL TAMBO GRILL

38. Plaintiff, re-alleges and reaffirms paragraphs 1 through 37 as if fully set forth herein.

39. This action is brought by Plaintiff to recover from Defendant EL TAMBO GRILL unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

40. At all times during his employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

41. Specifically, Defendants failed to compensate Plaintiff for the last two (2) weeks of his employment. EL TAMBO GRILL has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due.

42. EL TAMBO GRILL knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of hourly wages and the payment of minimum wages for all hours worked in respective pay periods, and accordingly remains owing the named Plaintiff,

liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

43. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

44. By reason of the said intentional, willful and unlawful acts of EL TAMBO GRILL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

45. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

46. EL TAMBO GRILL never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

47. As a result of EL TAMBO GRILL's willful violations of the Act, Plaintiff is entitled to liquidated damages.

48. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from EL TAMBO GRILL.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant EL TAMBO GRILL:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT II</u>
### VIOLATION OF FLSA/OVERTIME
### against EL TAMBO GRILL

49. Plaintiff, re-alleges and reaffirms paragraphs 1 through 37 as if fully set forth herein.

50. This action is brought by Plaintiff to recover from Defendant EL TAMBO GRILL unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.*   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

51. Since the commencement of Plaintiff's employment EL TAMBO GRILL has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

52. Specifically, throughout his employment Plaintiff regularly worked between 66–72 hours during each workweek in which he was employed.

53. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment

in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

54. EL TAMBO GRILL is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). EL TAMBO GRILL's business activities involve those to which the Fair Labor Standards Act applies.

55. The Plaintiff was a busboy and was at all relevant times, covered by the FLSA.

56. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

57. EL TAMBO GRILL has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

58. By reason of the said intentional, willful and unlawful acts of EL TAMBO GRILL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

59. EL TAMBO GRILL never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

60. As a result of EL TAMBO GRILL's willful violations of the Act, Plaintiff is entitled to liquidated damages.

61. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from EL TAMBO GRILL.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant EL TAMBO GRILL:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT III
### VIOLATION OF FLSA/UNPAID WAGES
### against RODOLFO ORE

62. Plaintiff, re-alleges and reaffirms paragraphs 1 through 37 as if fully set forth herein.

63. At the times mentioned, Defendant RODOLFO ORE was, and is now, a corporate officer of corporate Defendant, EL TAMBO GRILL.

64. RODOLFO ORE was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that RODOLFO ORE acted directly in the interests of Defendant EL TAMBO GRILL in relation to their employees including Plaintiff.

65. Specifically, RODOLFO ORE supervised Plaintiff, determined company payroll decisions,

and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

66. RODOLFO ORE had operational control of the business and is thus jointly liable for Plaintiff's damages.

67. Defendant RODOLFO ORE willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
### VIOLATION OF FLSA/OVERTIME
### against RODOLFO ORE

68. Plaintiff, re-alleges and reaffirms paragraphs 1 through 37 as if fully set forth herein.

69. At the times mentioned, Defendant RODOLFO ORE was, and is now, a corporate officer of corporate Defendant, EL TAMBO GRILL.

70. RODOLFO ORE was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that RODOLFO ORE acted directly in the

interests of Defendant EL TAMBO GRILL in relation to their employees including Plaintiff.

71. Specifically, RODOLFO ORE supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

72. RODOLFO ORE had operational control of the business and is thus jointly liable for Plaintiff's damages.

73. Defendant RODOLFO ORE willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
### VIOLATION OF FLSA/UNPAID WAGES
### against CARLA ORE

74. Plaintiff, re-alleges and reaffirms paragraphs 1 through 37 as if fully set forth herein.

75. At the times mentioned, Defendant CARLA ORE was, and is now, a manager of corporate Defendant, EL TAMBO GRILL.

76. CARLA ORE was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CARLA ORE acted directly in the interests of Defendant EL TAMBO GRILL in relation to their employees including Plaintiff.

77. Specifically, CARLA ORE supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

78. CARLA ORE had operational control of the business and is thus jointly liable for Plaintiff's damages.

79. Defendant CARLA ORE willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### VIOLATION OF FLSA/OVERTIME
### against CARLA ORE

80. Plaintiff, re-alleges and reaffirms paragraphs 1 through 37 as if fully set forth herein.

13

81. At the times mentioned, Defendant CARLA ORE was, and is now, a manager of corporate Defendant, EL TAMBO GRILL.

82. CARLA ORE was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that CARLA ORE acted directly in the interests of Defendant EL TAMBO GRILL in relation to their employees including Plaintiff.

83. Specifically, CARLA ORE supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

84. CARLA ORE had operational control of the business and is thus jointly liable for Plaintiff's damages.

85. Defendant CARLA ORE willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
## FLSA RETALIATION against EL TAMBO GRILL

86. Plaintiff realleges and re-affirms each and every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

87. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

88. EL TAMBO GRILL's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

89. The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of his earned wages.

90. EL TAMBO GRILL's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant EL TAMBO GRILL:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT VIII
### FLSA RETALIATION against CARLA ORE

91. Plaintiff realleges and re-adopts every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

92. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

93. CARLA ORE's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

94. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's unpaid time-off and termination as described above was Plaintiff's complaints for proper payment of his earned wages.

95. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant CARLA ORE:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.  Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IX
### FLSA RETALIATION against RODOLFO ORE

96. Plaintiff realleges and re-adopts every factual allegation as stated in paragraphs 1 through 37 of this complaint as if set out in full herein.

97. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

98. RODOLFO ORE's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

99. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's unpaid time-off and termination as described above was

Plaintiff's complaints for proper payment of his earned wages.

100.    Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully pray for the following relief against Defendant RODOLFO ORE:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C.  Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, DOMINGO LOPEZ demands trial by jury on all issues and all counts of this Complaint

so triable as a matter of right.

Dated: January 20, 2021           **PEREGONZA THE ATTORNEYS, PLLC**

           1414 NW 107th Ave,
           Suite 302
           Doral, FL 33172
           Tel. (786) 650-0202
           Fax. (786) 650-0200

           <u>By: /s/Nathaly Saavedra</u>
           Nathaly Saavedra, Esq.
           Fla. Bar No. 118315
           Email: <u>nathaly@peregonza.com</u>

           <u>By: /s/Juan J. Perez</u>
           Juan J. Perez, Esq.
           Fla. Bar No. 115784
           Email: <u>juan@peregonza.com</u>